UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX ANCIENT ART, S.A., PETRARCH, LLC a/k/a ELECTRUM, and REGULUS INTERNATIONAL CAPITAL CORP., Plaintiffs, vs. J. PAUL GETTY TRUST, J. PAUL GETTY MUSEUM, TIMOTHY POTTS, LIVIO RUSSO and ARTURO RUSSO, Defendants. | 17-CV-00241 (ER) |

## DECLARATION OF ARTURO RUSSO IN SUPPORT OF
## RUSSOS' MOTION TO DISMISS

I, Arturo Russo, hereby declare as follows:

1.  I am over the age of 18 and I am otherwise competent to make this declaration. I am providing this declaration voluntarily.

2.  All of the statements herein are within my personal knowledge and are true and correct to the best of my knowledge.

3.  I submit this declaration in support of the Russo' Motion to Dismiss.

4.  The following statements are true during the entire period at issue in the Complaint and currently.

1

**I    Personal information**

5.    I am an Italian national and I reside and am domiciled in London, England.

6.    I am a professional numismatist, an expert in the valuation and purchase and sale of ancient coins. Numismatics is a specialized field involving scientific and expertise evaluation of ancient coins and currency. Numismatics is entirely distinct from the general study of antiquities or the sale/purchase/exhibition of ancient art or sculptures.

7.    As a professional numismatist I am not involved in the study, valuation, purchase, sale or exhibition of ancient art or sculptures such as the Torlonia Collection referred to in the plaintiffs' complaint. My expertise in the field of numismatics does not provide any associated expertise or value in connection with the valuation or study of art or other antiquities.

8.    I have not and do not currently conduct any business in New York or in the United states or make any sales in New York.

9.    I am not licensed to or registered to conduct business in New York or in the United States.

10.    I do not supply any goods or services in the United States, make sales within the United States or derive revenue from goods used or consumed or services rendered in the United States.

11.    I do not employ any officers, agents, distributors, servants, employees, traders or other representatives in the United States for the transaction of business.

12.    I do not maintain any office, place of business or mailing address in the United States.

2

13.   I do not own, use or possess any real property in the United States or maintain any telephone listing in the United States.

14.   I do not pay taxes in the United States.

15.   I have not appointed an agent for service of process in the United States. I was not served with process for these proceedings in New York.

16.   I typically visit New York once a year to attend the New York International Numismatic Convention in New York (the "Convention"). I have never conducted any personal business at the Convention. I have attended this Convention as an agent/employee of NAC Numismatics Ltd. ("NAC") or Numismatica Ars Classica, NAC AG ("NACAG") since 1995. NAC and NACAG did not make any sales at this Convention between 2001-2015.

17.   My primary business involves my management of the London branch of NACAG, which is a Swiss company primarily based in Switzerland.

18.   I do not have any relationship with the Torlonia family. I did not facilitate any introduction between plaintiffs and the Torlonia family. I was not involved in any communications between plaintiffs, the Getty museum and the Torlonia family. I was not involved in the delivery of communications from Plaintiffs to the Torlonia family. I did not communicate with the Getty museum regarding plaintiffs or the Torlonia Collection.

19.   The meeting between myself and Plaintiffs in May 2016 referred to in paragraph 137 of the complaint took place in London.

## II   NAC/NACAG

20.   I have reviewed the complaint in this case and I note that at paragraph 14 of the complaint the plaintiffs allege that Livio and I conduct "substantial business in

3

this District, including a significant convention on an annual basis in which they conduct millions of dollars in sales of antiquities…" This is entirely incorrect in a number of respects.

21. This allegation may intend to refer to the business of NAC and/or NACAG. I accordingly provide some information below regarding these companies to try to clarify the position, notwithstanding that these companies are not named as defendants and I disagree that any of their activities are relevant to allegations regarding myself and my business activities.

22. NAC and NACAG both file public statements and reports and corporate details are available to the public via the internet, such as on the UK's Companies House website. This information establishes the following.

23. NAC is company incorporated and registered in the United Kingdom, company number 03633327, and with its principal place of business in London, England. I am minority shareholder in NAC. I am not a director or officer of NAC.

24. NACAG is a private limited company incorporated in Switzerland and which maintains its principal place of business in Switzerland. The London branch of NACAG is registered in the United Kingdom as a foreign company with its only office and principal place of business in London, company number FC024314. I am a director of NACAG's London branch.

25. Both NAC and NACAG deal exclusively with customers interested in the purchase and sale of ancient coins, and are not involved with individual or institutional customers in connection with the purchase, sale, arrangement or exhibition of collections of ancient art or sculptures.

4

26. NAC and NACAG are both registered, incorporated under the laws of, and have their principal places of business outside of the United States – either in England or Switzerland.

27. Neither NAC nor NACAG employs officers, agents, distributors, servants, employees, traders or other representatives in the United States for the transaction of business.

28. Neither NAC nor NACAG NAC maintains an office, place of business or mailing address in the United States. The offices, executives and books and records of NAC and NACAG are located in England and Switzerland.

29. NAC and / or NACAG's business is conducted out of their offices in England and Switzerland and through public auctions held in England and Switzerland. NAC and NACAG have never conducted a convention in New York.

30. I believe that it is only in the last two years (2016 and 2017) that any sales of coins were made at the Convention and that these were made by NAC. As far as I am aware, NAC and NACAG have never conducted millions of dollars in sales in New York as the plaintiffs allege.

31. While it is possible that NAC or NACAG made sales to US residents if they attended auctions in England or Switzerland or made purchases via the website, these would have been only a small percentage of NAC and NACAG's global business, and the auctions and the NAC/NACAG website do not specifically target or advertise to US or New York residents.

32. In any case, I can confirm that there is simply no connection or relationship between my expertise or the business of NAC and NACAG in the field of numismatics and the Torlonia family, the Torlonia Collection, the world of art or

5

antiquities or the events described in the plaintiffs' complaint or alleged to give rise to plaintiffs' claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

London, England
Executed this 3 day of May, 2017

_____

Arturo Russo

6