**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHOENIX ANCIENT ART, S.A., PETRARCH LLC a/k/a ELECTRUM, and REGULUS INTERNATIONAL CAPITAL CORP., | CASE NO. 1:17-CV-241-ER |
| Plaintiffs, | **DECLARATION OF STEPHANIE G. HERRERA IN SUPPORT OF THE GETTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| J. PAUL GETTY TRUST, J. PAUL GETTY MUSEUM, and TIMOTHY POTTS, | |
| Defendants. | |

## DECLARATION OF STEPHANIE G. HERRERA

I, Stephanie G. Herrera, declare as follows:

I am an attorney licensed in the States of California and New York and admitted *pro hac vice* to practice before this Court in the above-captioned matter. I am counsel for Defendants J. Paul Getty Trust, J. Paul Getty Museum (the "Getty"), and Timothy Potts (collectively, the "Getty Defendants") in this matter. I have knowledge of the matters set forth below based on my direct involvement in this matter or the direct involvement of other lawyers at my firm. If called as a witness, I could and would testify competently to the facts stated herein. I submit this declaration in support of the Getty Defendants' concurrently filed Motion to Dismiss Plaintiffs' First Amended Complaint.

1.      Attached as Exhibit A is a true and correct copy of the Non-Disclosure Non-Circumvention Agreement ("NDNCA") executed on July 12, 2013, produced by Plaintiffs with Bates number PER0003528.

2.      Attached as Exhibit B is a true and correct copy of the initial draft of the NDNCA that I understand Plaintiffs gave to the Getty on July 10, 2013, produced by the Getty Defendants with Bates number GETTY_0001073.

3.      Attached as Exhibit C is a true and correct copy of the revised draft of the NDNCA that the Getty sent to the Plaintiffs on July 11, 2013, produced by Plaintiffs with Bates number PER0000186.  This revised draft includes numerous errors that were not redlined or identified in tracked changes.  For example, the following errors—like the deletion of the word "not"—were not marked in redline:

- The first line of Plaintiffs' draft includes the word "DISCLOSURE," whereas the Getty's draft contains the misspelled word "DISLOSURE";

- The second line of Plaintiffs' draft begins with a capital letter for the word "Exclusive" but the Getty's draft includes a lower-case "exclusive";

- The opening paragraph of Plaintiffs' draft contains "straight" quotation marks <">, whereas the Getty's contains "curly" <"> quotation marks;

- The Getty proposed changing the capital "T" to a lower-case "t" in the phrase "possible Transaction" in paragraph 2, but that was the only capitalized instance of that word in Plaintiffs' entire draft; in all other instances "transaction" was already lower-cased;

- Paragraph 3 of Plaintiffs' draft included the phrase <any party representing>, whereas the Getty's draft showed in redline that the phrase was mistakenly transcribed as <any parting representing> and subsequently corrected in the version sent back to Plaintiffs;

- Paragraph 5 of Plaintiffs' draft included the phrase <and signed by>, whereas the Getty's draft showed in redline that the phrase was mistakenly transcribed as <and sighed by> and subsequently corrected in the version sent back to Plaintiffs;

- The last line of Plaintiffs' draft stated, <the parties have executed this agreement effective>, whereas the Getty's draft read, <the parties have executed this agreement effect>; and

- There were no colons after <Print Name>, <Title>, and <Date> in the signature blocks of Plaintiffs' draft, whereas colons were included in the Getty's draft.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Dated this 29th day of June 2018 at San Francisco, California.

/s/ _Stephen G. Herrera_

Stephanie G. Herrera

# EXHIBIT A

## Non-Disclosure and Non-Circumvention Agreement

THIS NON-DISLOSURE AND NON-CIRCUMVENTION AGREEMENT ("Agreement") is made and entered between Electrum, exclusive Agent for Phoenix Ancient Art S.A., having its place of business at 47 East 66th Street, New York, New York (hereinafter "Electrum"), and the undersigned, The J. Paul Getty Museum, having its place of business at 17985 Pacific Coast Highway, Pacific Palisades, California (hereinafter "The Undersigned"). The Undersigned includes all affiliates, officers, directors, employees, and agents thereof.

WHEREAS the Undersigned is willing to receive disclosure of confidential and proprietary information from Electrum pursuant to the terms of this Agreement for the purpose of evaluating a possible transaction; and

WHEREAS the Undersigned is willing to agree to maintain the confidentiality of the disclosed information;

NOW THEREFORE, in consideration for the mutual undertakings of Electrum and The Undersigned, the parties hereby agree as follows:

**1. Confidential Information.** Confidential Information means any information that is marked "Confidential," or should reasonably be known as Confidential, disclosed by one party to the other relating to the proposed transaction, either directly or indirectly, in writing, orally or by inspection of tangible or intangible objects, including without limitation documentation, that is not public knowledge. Confidential Information may also include information disclosed to a party by third parties at the direction of either Electrum or the Undersigned. The Undersigned shall immediately return to Electrum all originals and copies of Confidential Information upon request.

**The party to whom Information is disclosed shall have no obligation keep confidential or to preserve the proprietary nature of any Information which:**

a. was previously known to or developed by the receiving party independent of any Information furnished under this agreement;

b. is or becomes generally available to the public through no wrongful act of receiving party;

c. is developed by or on behalf of the receiving party independent of any Information furnished under this Agreement;

d. is lawfully received from a third party, provided that such source is not, to the knowledge of the receiving party, bound by a confidentiality agreement with the disclosing party or its representatives or agents; or

e. is disclosed pursuant to the requirement or request of a governmental agency or court of competent jurisdiction and reasonable notice is given by the recipient to the disclosing

party of any such requirement or request to permit the disclosing party to seek an appropriate protective order or exemption from such requirement or request.

## 2. Confidentiality

2.1 Use and Disclosure. The Undersigned agrees not to use the Confidential Information in any way except for the purpose of evaluating the possible transaction. The Undersigned agrees to use its best efforts to prevent disclosure and protect the confidentiality of Confidential Information, or any part thereof, from disclosure to any person or entity other than individuals having a need for disclosure in connection with the Undersigned's authorized use of the Confidential Information.

2.2 Protection of Secrecy. The Undersigned agrees to take all reasonable measures to protect the secrecy of and avoid disclosure or unauthorized use of the Confidential Information. Without limiting the foregoing, the Undersigned shall take at least those measures that the Undersigned takes to protect its own most highly confidential information. The Undersigned shall not make any copies of Confidential Information unless the same are previously approved in writing by Electrum. The Undersigned shall immediately notify Electrum in the event it becomes aware of any unauthorized use or disclosure of the Confidential Information.

## 3. Non-Circumvention.



As an express prior condition to its receipt of information regarding the Important Collection of Roman Sculptures that is the subject of this non disclosure agreement, the Undersigned hereby undertakes on behalf of itself, as well as on behalf of all of its all affiliates, officers, directors, employees, and agents, that it will not contact either directly or indirectly, the owner of the Important Collection of Roman Sculptures that is the subject of the potential transaction, or any party representing or related to the owner of the Important Collection of Roman Sculptures, except exclusively through Electrum..

**4. Term and Termination.** This Agreement is executed as of the date signed below, but is effective from the date any Confidential Information was first disclosed to the Undersigned. The obligations of this Agreement shall continue for a period of three (3) years after the effective date. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by (a) Electrum, its successors, and assigns; and (b) the Undersigned.

**5. Amendments, Severability, and Remedies.** No waiver or modification of this Agreement shall be binding upon either party unless made in writing and signed by a duly authorized representative of such party. If a portion of the Agreement is found to unenforceable, the remainder of the Agreement shall remain in effect. .

PER0003529

IN WITNESS WHEREOF, the parties have executed this agreement effect as of the date first written above.

Electrum, Exclusive Agent for Phoenix Ancient Art S.A.
("Electrum")
Signed By: _____
Print Name: _____HICHAM ABOUTAAM_____
Title: _____PRESIDENT_____
Date: _____July 12, 2013_____


The J. Paul Getty Museum
("the Undersigned") _____
Signed By: _____Timothy Potts._____
Print Name: _____TIMOTHY POTTS_____
Title: _____Director_____
Date: _____July 12, 2013_____

PER0003530

# EXHIBIT B

## Non-Disclosure and Non-Circumvention Agreement

THIS NON-DISCLOSURE AND NON-CIRCUMVENTION AGREEMENT ("Agreement") is made and entered between Electrum, Exclusive Agent for Phoenix Ancient Art S.A., having its place of business at 47 East 66th Street, New York, New York (hereinafter "Electrum"), and the undersigned, The J. Paul Getty Museum, having its place of business at 17985 Pacific Coast Highway, Pacific Palisades, California (hereinafter "The Undersigned"). The Undersigned includes all affiliates, officers, directors, employees, and agents thereof.

WHEREAS the Undersigned is willing to receive disclosure of confidential and proprietary information from Electrum pursuant to the terms of this Agreement for the purpose of evaluating a possible transaction; and

WHEREAS the Undersigned is willing to agree to maintain the confidentiality of the disclosed information;

NOW THEREFORE, in consideration for the mutual undertakings of Electrum and The Undersigned, the parties hereby agree as follows:

**1. Confidential Information.** Confidential information means any information disclosed by one party to the other relating to the proposed transaction, either directly or indirectly, in writing, orally or by inspection of tangible or intangible objects, including without limitation documentation, that is not public knowledge. Confidential information may also include information disclosed to a party by third parties at the direction of either Electrum or the Undersigned. The Undersigned shall immediately return to Electrum all originals and copies of Confidential Information upon request.

**2. Confidentiality.**

2.1 Use and Disclosure. The Undersigned agrees not to use the Confidential Information in any way except for the purpose of evaluating the possible Transaction. The Undersigned agrees to use its best efforts to prevent disclosure and protect the confidentiality of Confidential Information, or any part thereof, from disclosure to any person or entity other than individuals having a need for disclosure in connection with the Undersigned's authorized use of the Confidential Information.

2.2 Protection of Secrecy. The Undersigned agrees to take all reasonable measures to protect the secrecy of and avoid disclosure or unauthorized use of the Confidential Information, Without limiting the foregoing, the Undersigned shall take at least those measures that the Undersigned takes to protect its own most highly confidential information. The Undersigned shall not make any copies of Confidential Information unless the same are previously approved in writing by Electrum. The Undersigned shall immediately notify Electrum in the event of any unauthorized use or disclosure of the Confidential Information.

**3. Non-Circumvention.**

As an express prior condition to my receipt of information regarding the Important Collection of Roman Sculptures that are the subject of this non disclosure agreement, the Undersigned hereby

GETTY_0001073

undertakes on behalf of itself, as well as on behalf of all of its all affiliates, officers, directors, employees, and agents, that it will not contact, either directly or indirectly, the owner of the Important Collection of Roman Sculptures that are the subject of the potential transaction, or any party representing or related to the owner of the Important Collection of Roman Sculptures, except exclusively through Electrum. To the extent that the Undersigned violates this non-circumvention clause of the non-disclosure agreement, Electrum will have the right to set-aside the transaction, obtain injunctive relief, and/or recover all available damages, at tow or equity, that would, at minimum, place Electrum in a position equal or better than they would have been but for the breach of this non-circumvention clause.

**4. Term and Termination.** This Agreement is executed as of the date signed below, but is effective from the date any Confidential Information was first disclosed to the Undersigned. The obligations of this Agreement shall be continuing until the Confidential Information disclosed to The Undersigned is no longer confidential. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by (a) Electrum, its successors, and assigns; and (b) the Undersigned.

**5. Amendments, Severability, and Remedies.** No waiver or modification of this Agreement shall be binding upon either party unless made in writing and signed by a duly authorized representative of such party. If a portion of this Agreement is found to be unenforceable, the remainder of the Agreement shall remain in effect. The Undersigned agrees that any violation or threatened violation of this Agreement will cause irreparable injury to Electrum, entitling Electrum to obtain injunctive relief in addition to other available legal remedies.

IN WITNESS WHEREOF, the parties have executed this agreement effective as of the date first written above.

Electrum, Exclusive Agent for Phoenix Ancient Art S.A.
("Electrum")
Signed By:_____

Print Name_____

Title_____

Date_____


The J. Paul Getty Museum
("the Undersigned")
Signed By:_____

Print Name_____

Title_____

Date_____

**EXHIBIT C**

**Non-Disclosure and Non-Circumvention Agreement**

THIS NON-DISLOSURE AND NON-CIRCUMVENTION AGREEMENT ("Agreement") is made and entered between Electrum, exclusive Agent for Phoenix Ancient Art S.A., having its place of business at 47 East 66th Street, New York, New York (hereinafter "Electrum"), and the undersigned, The J. Paul Getty Museum, having its place of business at 17985 Pacific Coast Highway, Pacific Palisades, California (hereinafter "The Undersigned"). The Undersigned includes all affiliates, officers, directors, employees, and agents thereof.

WHEREAS the Undersigned is willing to receive disclosure of confidential and proprietary information from Electrum pursuant to the terms of this Agreement for the purpose of evaluating a possible transaction; and

WHEREAS the Undersigned is willing to agree to maintain the confidentiality of the disclosed information;

NOW THEREFORE, in consideration for the mutual undertakings of Electrum and The Undersigned, the parties hereby agree as follows:

**1. Confidential Information**. Confidential ~~information~~ Information means any information that is marked "Confidential," or should reasonably be known as Confidential, disclosed by one party to the other relating to the proposed transaction, either directly or indirectly, in writing, orally or by inspection of tangible or intangible objects, including without limitation documentation, that is not public knowledge. Confidential ~~information~~Information may also include information disclosed to a party by third parties at the direction of either Electrum or the Undersigned. The Undersigned shall immediately return to Electrum all originals and copies of Confidential Information upon request.

**The party to whom Information is disclosed shall have no obligation keep confidential or to preserve the proprietary nature of any Information which:**

    a.   was previously known to or developed by the receiving party independent of any Information furnished under this agreement;

    b.   is or becomes generally available to the public through no wrongful act of receiving party;

    c.   is developed by or on behalf of the receiving party independent of any Information furnished under this Agreement;

    d.   is lawfully received from a third party, provided that such source is not, to the knowledge of the receiving party, bound by a confidentiality agreement with the disclosing party or its representatives or agents; or

    e.   is disclosed pursuant to the requirement or request of a governmental agency or court of competent jurisdiction and reasonable notice is given by the recipient to the disclosing party of any such requirement or request to permit the disclosing party to seek an appropriate protective order or exemption from such requirement or request.

> **Formatted:** Font: Not Bold

> **Formatted:** List Paragraph, Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5", Tab stops: 0.5", Left

> **Formatted:** Font: (Default) Times New Roman, 12 pt

PER0000186

**2. Confidentiality**

2.1 <u>Use and Disclosure</u>. The Undersigned agrees not to use the Confidential Information in any way except for the purpose of evaluating the possible ~~Transaction~~<u>transaction</u>. The Undersigned agrees to use its best efforts to prevent disclosure and protect the confidentiality of Confidential Information, or any part thereof, ~~form~~ <u>from</u> disclosure to any person or entity other than individuals having a need for disclosure in connection with the Undersigned's authorized use of the Confidential Information.

2.2 <u>Protection of Secrecy</u>. The Undersigned agrees to take all reasonable measures to protect the secrecy of and avoid disclosure or unauthorized use of the Confidential Information~~.~~ Without limiting the foregoing, the Undersigned shall take at least those measures that the Undersigned takes to protect its own most highly confidential information. The Undersigned shall not make any copies of Confidential Information unless the same are previously approved in writing by Electrum. The Undersigned shall immediately notify Electrum in the event <u>it becomes aware</u> of any unauthorized use or disclosure of the Confidential Information.

**3. Non-Circumvention.**

As an express prior condition to ~~my~~ <u>its</u> receipt of information regarding the Important Collection of Roman Sculptures that ~~are~~ <u>is</u> the subject of this non disclosure agreement, the Undersigned hereby undertakes on behalf of itself, as well as on behalf of all of its all affiliates, officers, directors, employees, and agents, that it will contact either directly or indirectly, the owner of the Important Collection of Roman Sculptures that ~~is~~ <u>is</u> the subject of the potential transaction, or any ~~parting~~ <u>party</u> representing or related to the owner of the Important Collection of Roman Sculptures, except exclusively through Electrum. ~~To the extent that the Undersigned violates this non circumvention clause of the non disclosure agreement, Electrum will have the right to set aside the transaction, obtain injunctive relief, and/or recover all available damages, at law or equity, that would, at minimum, place Electrum in a position equal or better than they would have been but for the breach of this non circumvention clause.~~

**4. Term and Termination**. This Agreement is executed as of the date signed below, but is effective from the date any Confidential Information was first disclosed to the Undersigned. The obligations of this Agreement shall <u>continue for a period of three (3) years after the effective date.</u> ~~be continuing until the Confidential Information disclosed to the Undersigned is no longer confidential.~~ This Agreement shall be binding upon, inure to the benefit of, and be enforceable by (a) Electrum, its successors, and assigns; and (b) the Undersigned.

**5. Amendments, Severability, and Remedies.** No waiver or modification of this Agreement shall be binding upon either party unless made in writing and ~~sighed~~ <u>signed</u> by a duly authorized representative of such party. If a portion of the Agreement is found to unenforceable, the remainder of the Agreement shall remain in effect. ~~The undersigned agrees that any violation or~~

PER0000187

~~threatened violation of this Agreement will cause irreparable injury to Electrum, entitling Electrum to obtain injunctive relief in addition to other available legal remedies~~.

IN WITNESS WHEREOF, the parties have executed this agreement effect as of the date first written above.

Electrum, Exclusive Agent for Phoenix Ancient Art S.A.
("Electrum")
Signed By:_____
Print Name:_____
Title:_____
Date:_____

The J. Paul Getty Museum
("the Undersigned")
Signed By:_____
Print Name:_____
Title:_____
Date:_____

PER0000188